Lundberg Stratton, J.,
concurring.
{¶ 30} While I sympathize with Doe’s plight, the law is clear, and I concur in the majority’s disposition of the two narrow legal questions certified to us by the district court.
{¶ 31} Although we have resolved the federal court’s legal questions under the Ohio Constitution, I believe that on remand the court may resolve this case by resorting to the doctrine of relation back. Under this doctrine, “an act done at a later time is, under certain circumstances, treated as though it occurred at an earlier time.” Black’s Law Dictionary (8th Ed.1999) 1314. This doctrine applies to the amendments of pleadings, see Civ.R. 15(C), but I believe that it should apply here in the interest of equity.
*197 {¶ 32} The Ohio Department of Education had statutory authority to formulate the rules to carry out the legislative intent of 2007 Sub.H.B. No. 190, eff. Nov. 14, 2007 (“H.B. 190”). R.C. 3319.39(E). The department promulgated Ohio Adm. Code 3301-20-03 to carry out the legislative intent of H.B. 190. Unfortunately, Doe fell into the gap between enactment of the new law and the department’s regulations in response to the 2007 statutory revisions. The parties agree that had the 2009 regulation been in effect, Doe would have remained in his position, because he had been rehabilitated. Thus, I believe that the regulation should relate back to the statute’s enactment.
{¶ 33} Courts must give due deference to an agency’s interpretation and implementation of the law. State ex rel. Saunders v. Indus. Comm., 101 Ohio St.3d 125, 2004-Ohio-339, 802 N.E.2d 650, ¶ 41; Northwestern Ohio Bldg. & Constr. Trades Council v. Conrad (2001), 92 Ohio St.3d 282, 289, 750 N.E.2d 130. Under such circumstances, the court should apply the subsequent regulation to Doe’s contract in this case, which would allow him to continue his employment but would also fulfill the overall intent of the law.